# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Rafael Bernal, Jose Jaramillo and Victor Munoz, o*n behalf of themselves and others similarly situated* <br><br> Plaintiffs, <br><br> v. <br><br> Snow & Ice Management Services, Inc., Kamila A Lenart, Krysztof Lenart and Does 1-2 <br><br> Defendants. | Case No. 21-cv-5963 <br><br> Jury demanded |

## COMPLAINT

Plaintiffs Rafael Bernal, Jose Jaramillo and Victor Munoz, o*n behalf of themselves and others similarly situated* ("Plaintiffs"), through their attorneys, Lopez & Sanchez, LLP for their Complaint against Snow & Ice Management Services, Inc., Kamila A Lenart, Krysztof Lenart and Does 1-2 , (collectively "Defendants"), state as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA"), for failure to pay at least the minimum wage for all hours worked and for failure to pay final pay for time worked and for failing to pay, despite repeated requests by Plaintiffs, accumulated vacation and PTO after terminating the employment relationship.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims

occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiffs Rafael Bernal, Jose Jaramillo and Victor Munoz resided in and were domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, and IWPCA within this judicial district.

5. At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of their employment, Plaintiffs worked for Defendants in their business performing now removal services during the winter of 2020-2021

7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8. Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9. Defendant Snow & Ice Management Services, Inc. ("Snow & Ice"), is a corporation organized under the laws of the State of Illinois which employed Plaintiffs and otherwise conducts business within this judicial district. Defendant Snow & Ice is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, Defendant Snow and Ice was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

11. Defendant Krysztof Lenart was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* and was involved in the day to day business operation of Defendant Snow & Ice. Defendant Shaw had the authority to hire and fire persons employed by Defendant Snow & Ice, including Plaintiffs; the authority to direct and supervise the work of Defendant Snow & Ice employees; the authority to sign on Defendant Snow & Ice' checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12. Defendant Kamila A Lenart was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* and was involved in the day to day business operation of Defendant Snow & Ice. Defendant Shaw had the authority to hire and fire persons employed by Defendant Snow & Ice, including Plaintiffs; the authority to direct and supervise the work of Defendant Snow & Ice employees; the authority to sign on Defendant Snow & Ice' checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

13. Plaintiffs have been employed within the last three years from the filing of this lawsuit.

14. Plaintiffs worked for Snow & Ice and have not been paid for several weeks of work nor have they been paid earned and accumulated vacation or PTO.

15. Plaintiffs have all repeatedly demanded payment and after promises of payment, Defendants stopped answering call from most of them.

16. Plaintiffs have executed consent to sue letters, which are attached to this complaint as an exhibit.

## CLASS AND COLLECTIVE ALLEGATIONS

**Fair Labor Standards Act**

17. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq*. Count I alleges a willful violation of the FLSA and seeks an additional, third year of limitations and seek liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated employees who have been denied proper compensation, as required by 29 USC Section 216(b) and supporting case law.

**Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act**

18. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count II of this action is brought by Plaintiffs to recover unpaid wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

19. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS Section 1155/1 et seq. Count III of this action is brought by Plaintiffs to recover unpaid final compensation including wages and accrued vacation earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

20. Plaintiffs will seek to certify a class of all similarly situated employees who were similarly denied final compensation.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

21. Plaintiffs incorporate and re-allege paragraphs 1 through 20 of this Complaint as though fully set forth herein.

4

22. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiffs that they were due.

23. During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

24. During the course of Plaintiffs' employment with Defendant, Plaintiffs performed snow and ice removal work for Defendants, but were not paid for varying amounts of time they worked.

25. By not paying Plaintiffs for all hours worked Defendants failed to pay Plaintiffs the minimum wage for all time worked violated the FLSA, 29 U.S.C. § 206.

33. Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked in individual work weeks.

34. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

35. Plaintiffs are also entitled to liquidated damages in an amount equal to the amount they are owed as unpaid wages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount Plaintiffs' regular rate for all time Plaintiffs worked which was not compensated by Defendants;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and \

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law Minimum Wages

36. Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay Plaintiffs at least the minimum wage for all hours worked.

38. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

39. During the course of Plaintiffs' employment with Defendant, Plaintiffs performed snow and ice removal work for Defendants but were not paid for varying amounts of time they worked.

40. By not paying Plaintiffs for all hours worked Defendants failed to pay Plaintiffs the minimum wage for all time worked violated the IMWL, 820 ILCS 105/1 .

41. Under the IMWL, Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit.

42. Plaintiffs are also entitled to treble damages in an amount equal to the amount they are owed as unpaid wages.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Treble damages based on the amounts not paid by Defendants as provided by the IMWL;

C. Interest at the rate of 5% per month based on the amounts not paid by Defendants as provided by the IMWL;

D. Reasonable attorneys' fees and costs of this action as provided by the IMWL;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IWPCA – 820 ILCS 115/4 and 115/5
### Failure to Pay Accrued Vacation time and Final Compensation

44. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

45. Count three arises from Defendants' failure to pay Plaintiffs' earned wages when due, for all time worked, and failure to pay accumulated vacation pay in violation of the IWPCA, 820 ILCS 115/4 and 115/5.

46. Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties within 13 days of the end of the customary pay period (820 ILCS 115/4).

47. By failing to pay Plaintiffs, at all for weeks of work performed, Defendants failed to pay Plaintiffs all sum due within 13 days after the end of the established pay period.

48. Pursuant to the IWPCA, Plaintiffs were entitled to be paid final compensation including any unpaid wages and accumulated overtime pay by the next scheduled pay period after terminating employment (820 ILCS 115/5), for the ice and snow removal work they performed for Defendants.

49. Despite multiple repeated demands by Plaintiffs, Defendants have failed to pay final compensation as required under the IWPCA.

50. Defendants' failure to pay all wages, when due, violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

7

A. A judgment in the amount of all back wages due as provided by the IWPCA;

B. Treble damages based on the amounts not paid by Defendants as provided by the IWPCA;

C. Interest at the rate of 5% per month based on the amounts of final compensation not paid by Defendants as provided by the IWPCA;

D. .Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/ Jorge Sanchez
One of Plaintiff's attorneys


Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784


Dated: November 6, 2021

8